IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL A. SENTIF f/k/a/ MICHAEL ANTHONY ALMOND; COUNTRYWIDE HOME LOANS, INC.; DAVID MUELLER; and LINDA MUELLER, | ) Civil No. 8:06-cv-1416-T-17-TBM |
| | ) |
| Defendants. | ) |

## **JUDGMENT OF FORECLOSURE**

Pursuant to the Order Granting Motion by United States for Summary Judgment, it is hereby

ORDERED ADJUDGED, and DECREED:

1. The Court has personal jurisdiction over the defendants in this action, and also has jurisdiction over the subject matter of this action.

2. The Defendant Michael A. Sentif is indebted to the United States of America for assessed and unpaid Federal income tax liabilities for the taxable years 1994, 1996, 1997, 1998, 1999, 2000, 2001, and 2002, in the total amount of $164,705.43 as of October 31, 2006, plus further interest and statutory additions thereon as provided by law. Interest shall accrue daily at the rate provided for by sections 6601, 6621 and 6622 of the Internal Revenue Code (26 U.S.C.) until the judgment debt is paid in full.

3. Pursuant to 26 U.S.C. § 6321 the United States has valid Federal tax liens arising out of Michael A. Sentif's assessed and unpaid Federal income tax liabilities for these taxable years, upon all property and rights to property belonging to Michael A. Sentif, and specifically, upon the real property at issue in this proceeding (the "Subject Property") located at the following:

> Lots 39 and 40, Block 20 of GOLFLAND OF TAMPA'S NORTHSIDE COUNTRY CLUB AREA, Unit No. 2, according to the map or plat thereof as recorded in Plat book 27, Page 33 of the Public Records of Hillsborough County, Florida.

The Subject Property shall not be sold or advertised for sale except as provided by further order of this Court.

4. Defaults have been entered against David Mueller and Linda Mueller, and these defendants do not have enforceable liens against the Subject Property.

5. Countrywide Home Loans, Inc., filed an answer asserting that it is the assignee of Charter One Mortgage Corporation and that it has a mortgage against the subject property that is superior in right to the federal tax liens. The United States concedes that the position of Countrywide Home Loans is correct. Accordingly, the mortgage interest of Countrywide Home Loans, Inc., is superior in right to the federal tax liens vis-a-vis the Subject Property.

6. The United States is entitled to a foreclosure judgment against the Subject Property. Accordingly, the Subject Property shall be sold free and clear of all claims or liens of the defendants or of any third party claiming through the defendants. The liens of

the parties shall attach to the proceeds of sale in the same rank and priority as their liens attached to the Subject Property, as determined by this Court.

7.  The Internal Revenue Service Property Appraisal and Liquidation Specialists (PALS) shall, after publication of notice as required by this Court's Decree of Foreclosure and Order of Sale, offer for public sale and sell the Subject Property to the highest and best bidder for cash, at the date, time and place within Hillsborough County, Florida, to be determined by PALS, free and clear and discharged of liens, encumbrances, rights, equities, and interests of the defendants and all persons, firms or corporations claiming by, through or under the defendants. The sale is to be held at a date, time, and place within Hillsborough County, Florida, to be announced by PALS by advertising a Notice of Sale of Real Property substantially in the form of the Notice attached to the Decree of Foreclosure an Notice of Sale, after the sale has been advertised once each week for four consecutive weeks preceding the date fixed for sale in at least one newspaper regularly issued and of general circulation in Hillsborough County, Florida, and by any other notice PALS may in its discretion deem appropriate.

8.  Upon the sale being held in accordance with the Decree of Foreclosure and Order of Sale, completion of the sale, filing of a motion for confirmation of sale, and the entry of an Order of this Court confirming the sale, the defendants and all persons claiming by, through or under them shall be forever barred and foreclosed of any equity or right of redemption in and to the Subject Property, and the purchaser at the sale or the

purchasers, their heirs, representatives, successors or assigns without delay shall be let into possession of the premises so conveyed.

9. The Court retains jurisdiction over this action for the purpose of entering all further orders as may be appropriate, including without limitation, orders authorizing the sale of the Subject Property at private sale and orders regarding the disbursement of funds held in the registry of the Court.

DONE AND ORDERED in Tampa, Florida, this 3RD day of April, 2007.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Michael A. Sentif
10412 North Boulevard
Tampa, Florida 33612

Philip Doyle
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198, Ben Franklin Station
Washington, D.C. 20044

Paul I. Perez
United States Attorney
Middle District of Florida
Attn: Civil Division
400 Tampa Street, Suite 3200
Tampa, Florida 33602

Gregg R. Dreilinger
Law Office of David J. Stern. P.A.
801 S. University Drive
Suite 500
Plantation, Florida 33324

Miriam L. Mendieta
Law Office of David J. Stern. P.A.
801 S. University Drive
Suite 500
Plantation, Florida 33324

Gary F. Griffin
Property Appraisal and Liquidation Specialist
Internal Revenue Service
227 N. Bronough Street, Room 1019
Tallahassee, Florida 32301